UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>     Plaintiff,<br><br>    v.<br><br>ONE BREWERY PLACE, INC.; HAROLD B. DAVIDSON; JAMES RANDY DAVIDSON; M. ULTRA INVESTMENT GROUP, LTD.; and ARXADA, LLC,<br><br>     Defendants. | CIVIL ACTION NO. 2:23-cv-873 |

## COMPLAINT

AND NOW comes Plaintiff, Commonwealth of Pennsylvania, Department of Environmental Protection ("Department"), and alleges as follows:

## STATEMENT OF THE CASE

1. This is a civil action for the recovery from Defendants of response costs and applicable interest incurred by the Department in responding to the release or threatened release of hazardous substances at or from the former Swimming Pool Doctor Site ("Site"). The Department brings this action pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, *as amended*, 42 U.S.C. §§ 9601-9675, ("CERCLA"), 42 U.S.C. § 9607(a), and pursuant to environmental statutes and common law of the Commonwealth of Pennsylvania, including the Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. §§ 6020.101 – 6020.1305; the Solid Waste Management

Act ("SWMA"), 35 P.S. §§ 6018.101 – 6018.1003; The Clean Streams Law ("CSL"), 35 P.S. §§ 691.1 – 691.1001; and Section 1917-A of the Administrative Code of 1929, 71 P.S. § 510-17.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this action and the parties hereto pursuant to Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 107 and 9613(b), and 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the Department's claims arising under Pennsylvania state law.

3. Venue is proper in this judicial district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b) and (c), because the release or threatened release of hazardous substances that gives rise to the Department's claims has occurred in this judicial district.

## PARTIES

4. The Department is the executive agency of the Commonwealth of Pennsylvania with the duty and authority to administer and enforce CERCLA and the environmental laws of the Commonwealth of Pennsylvania, including but not limited to HSCA, the SWMA and the CSL.

5. One Brewery Place is a Pennsylvania corporation with a registered business address at 25 New York Avenue, Rochester, PA 15074.

6. Harold B. Davidson is an individual with a mailing address at 188 Shady Rest Road, Ellwood City, PA 16117.

7. James Randy Davidson is an individual with a mailing address at 1114 Blankenship Road, Dover, Florida 33527.

8. M. Ultra Investment Group, Ltd. is a Pennsylvania corporation with a registered business address at 1439 Gas Valley Road Extension, Georgetown, PA 15043.

9. Arxada, LLC is a Delaware corporation with a registered business address at 3500 Trenton Avenue, Williamsport, PA 17701.

## BACKGROUND

10. The Site ("Site") is a 1.12-acre property containing warehouses located in Rochester, Beaver County, Pennsylvania. The Site is the location of the former Swimming Pool Doctor facility.

11. Site operations involved chemicals used for swimming pool maintenance, machinery solvents, and other industrial chemicals that were over time abandoned and illegally disposed of, including chlorine, bonderite, and hydantoin.

12. The Department investigated the Site and found at the Site a release and threatened release of hazardous substances.

13. The Department conducted response actions at the Site to remediate the release and threatened release of hazardous substances.

14. The Department has incurred response costs in excess of $2.4 million as the result of its investigation and remediation of the release and threatened release of hazardous substances at the Site.

**FIRST CLAIM FOR RELIEF:**
**RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST**
**PURSUANT TO SECTION 107(a) of CERCLA**

15. The averments of Paragraphs 1 through 14 are incorporated by reference as if set forth at length herein.

16. Defendants are "persons" as that term is defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

17. The Site is a location where hazardous substances have been deposited, stored, disposed of, placed or otherwise come to be located, and thus is a "facility" as that term is defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18. There has been a "release or threatened release" of "hazardous substances" at or from the Site, as those terms are defined in Sections 101(14), 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(22) and 9607(a).

19. One Brewery Place, Inc. is the owner and operator of a facility within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

20. One Brewery Place, Harold B. Davidson, James Randy Davidson, and M. Ultra Investment Group, Ltd., at the time of disposal of hazardous substances, owned or operated a facility at which such hazardous substances were disposed of, within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

21. By contract, agreement or otherwise, Arxada, LLC, or its predecessor-in-interest, arranged for disposal or treatment at the Site of hazardous substances it owned or possessed, within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

22. As a result of the release or threatened release of hazardous substances at the Site, the Department has incurred "response costs" as defined in Sections 101(25) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9607(a), for actions taken in response to the release and threatened release of hazardous substances at the Site.

23. The response costs incurred by the Department in connection with the Site were reasonable and necessary and were incurred in a manner not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300, *as amended*.

24. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are strictly and jointly and severally liable to the Department for response costs incurred at the Site, together with applicable interest.

**SECOND CLAIM FOR RELIEF:**
**RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST**
**PURSUANT TO SECTIONS 507(a), 507(b), 701 AND 702 OF HSCA**

25. The allegations of Paragraphs 1 through 24 above are incorporated herein by reference.

26. The Defendants are each a "person" as that term is defined in Section 103 of HSCA, 35 P.S. § 6020.103.

27. As an area where hazardous substances have been released or threatened release, the Site is a "site" as that term is defined in Section 103 of HSCA, 35 P.S. § 6020.103, and as that term is used in Sections 701 and 702 of HSCA, 35 P.S. §§ 6020.701 and 6020.702.

28. There has been a "release or threatened release" of "hazardous substances"

at or from the Site, as those terms are defined in Section 103 of HSCA, 35 P.S. § 6020.103, and used in Sections 701 and 702 of HSCA, 35 P.S. §§ 6020.701 and 6020.702.

29. One Brewery Place, Harold B. Davidson, James Randy Davidson, and M. Ultra Investment Group, Ltd., owned or operated the Site when a hazardous substance was placed or came to be located at the Site, when a hazardous substance was located in or on the Site but before it was released, or during the time of the release or threatened release, within the meaning of Section 701(a)(1) of HSCA, 35 P.S. § 6020.701(a)(1).

30. By contract, agreement or otherwise, Arxada, LLC or its predecessor-in-interest, arranged for disposal or treatment at the Site of hazardous substances it owned or possessed, within the meaning of Section 701(a)(2) of HSCA, 35 P.S. § 6020.701(a)(2).

31. As a result of the release or threatened release of hazardous substances at the Site, the Department has incurred "response costs" for actions taken in response to the release and threatened release of hazardous substances at the Site, as the term "response costs" is defined in Section 103 of HSCA, 35 P.S. § 6020.103 and used in Sections 701 and 702 of HSCA, 35 P.S. §§ 6020.701 and 6020.702.

32. The response costs incurred by the Department in connection with the Site were reasonable and necessary.

33. Pursuant to Sections 507(a), 507(b), 701 and 702 of HSCA, 35 P.S. §§ 6020.507(a), 6020.507(b), 6020.701 and 6020.702, Defendants are strictly and jointly and severally liable to the Department for response costs incurred at the Site, together with applicable interest.

## THIRD CLAIM FOR RELIEF:
## RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST
## PURSUANT TO SECTIONS 507(A), 1101 AND 1108 OF HSCA

34. The allegations of Paragraphs 1 through 33 above are incorporated herein by reference.

35. Pursuant to Section 1101 of HSCA, 35 P.S. § 6020.1101, the release of hazardous substances at the Site resulted in a public nuisance.

36. Defendants, or their predecessors-in-interest, caused this public nuisance.

37. Pursuant to Sections 507(a), 1101 and 1108 of HSCA, 35 P.S. §§ 6020.507(a), 6020.1101 and 6020.1108, Defendants are liable for the Department's costs to abate the public nuisance at the Site, together with applicable interest.

## FOURTH CLAIM FOR RELIEF:
## RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST
## PURSUANT TO SECTIONS 601, 610 AND 613 OF THE SWMA

38. The allegations of Paragraphs 1 through 37 above are incorporated herein by reference.

39. Pursuant to Sections 601, 610 and 613 of the SWMA, 35 P.S. §§ 6018.601, 6018.610 and 6018.613, Defendants are liable for the Department's costs to abate the public nuisance at the Site, together with applicable interest.

## FIFTH CLAIM FOR RELIEF:
## RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST
## PURSUANT TO SECTIONS 3, 316, 401, 503, 601, 602, 605, AND 611 OF THE CSL

40. The allegations of Paragraphs 1 through 39 above are incorporated herein by reference.

41. Pursuant to Sections 3, 316, 401, 503, 601, 602, 605, and 611 of the CSL,

35 P.S. §§ 691.3, 691.316, 691.401, 691.503, 691.601, 691.602, 691.605, and 691.611, Defendants are liable for the Department's costs to abate the public nuisance at the Site, together with applicable interest.

### SIXTH CLAIM FOR RELIEF:
### RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST PURSUANT TO SECTION 1917-A OF THE ADMINISTRATIVE CODE

42. The allegations of Paragraphs 1 through 41 above are incorporated herein by reference.

43. Pursuant to Section 1917-A of the Administrative Code, 71 P.S. § 510-17, Defendants are liable for the Department's costs to abate the public nuisance at the Site, together with applicable interest.

### PRAYER FOR RELIEF

WHEREFORE, the Department prays that this Court:

(a) Enter judgment against the Defendants, jointly and severally, in favor of the Department, for all response and nuisance abatement costs incurred by the Department at the Site, together with applicable interest.

(b) Award to the Department its costs and fees in this action; and

(c) Grant such other relief as this Court deems appropriate.

        Respectfully submitted,

**FOR THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION:**

*/s/ Edward S. Stokan*

Edward S. Stokan
Assistant Regional Counsel
PA ID No. 46042
Tyra Oliver
Assistant Counsel
PA ID No. 202620
Office of Chief Counsel
400 Waterfront Drive
Pittsburgh, PA 15222-4745
Telephone: (412) 442-4262
Fax: (412) 442-4267
E-mail:  estokan@state.pa.us
             tyoliver@state.pa.us

Date: May 25, 2023