UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ONE BREWERY PLACE, INC.; HAROLD B. DAVIDSON; JAMES RANDY DAVIDSON; M. ULTRA INVESTMENT GROUP, LTD.; and ARXADA, LLC,<br>　　　　　　　Defendants. | CIV. ACTION NO. 2:23-cv-873 |

## CONSENT DECREE BETWEEN PLAINTIFF COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION AND DEFENDANT ARXADA, LLC

Plaintiff Commonwealth of Pennsylvania, Department of Environmental Protection ("Department") and Defendant Arxada, LLC ("Arxada") (collectively, "Parties") agree as set forth herein:

### INTRODUCTION

A.　This is a civil action for the recovery from the Defendants, including Arxada, of response costs and applicable interest incurred by the Department in responding to the release or threatened release of hazardous substances at or from the former Swimming Pool Doctor Site, located in Rochester Borough, Beaver County, Pennsylvania ("Site").

B.　The Department has brought this action pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, *as amended*, 42 U.S.C. §§ 9601-9675, ("CERCLA"), 42 U.S.C. § 9607(a), and environmental laws of the

Commonwealth of Pennsylvania, including the Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. §§ 6020.101 – 6020.1305; the Solid Waste Management Act ("SWMA"), 35 P.S. §§ 6018.101 – 6018.1003; The Clean Streams Law ("CSL"), 35 P.S. §§ 691.1 – 691.1001; and Section 1917-A of the Administrative Code of 1929, 71 P.S. § 510-17. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the Department's claims arising under Pennsylvania state law.

C. In its Complaint, the Department alleges that the Defendants, including Arxada, are strictly and jointly and severally liable for the Department's response costs and accrued interest associated with the Site.

D. The Department alleges that Arxada is the successor-in-interest to Lonza, Inc., and that Lonza, Inc. was responsible for contributing waste containing hazardous substances to the Site.

E. After extensive negotiation, and in an effort to minimize litigation, the Department and Arxada, without admission of fact or liability, have agreed to enter into this Consent Decree. By approving this Consent Decree, the Court finds that settlement of the Department's claims against Arxada furthers the public interest by minimizing prolonged and complicated litigation and that the Consent Decree is fair, reasonable, equitable, and consistent with public policy as manifested in CERCLA.

**NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

<u>JURISDICTION</u>

1. The Court has jurisdiction over the subject matter of this action and the Parties hereto pursuant to Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 107 and 9613(b), and 28 U.S.C. §§ 1331 and 1367. Venue is proper in this Court pursuant to Section 113(b) of CERCLA,

42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b) and (c), because the release or threatened release of hazardous substances that gives rise to the Department's claims has occurred in this judicial district.

## PARTIES BOUND AND EFFECT OF CONSENT DECREE

2. The Consent Decree constitutes an Order of the Court and is binding upon the Department and Arxada, its agents, successors, and assigns.

3. Arxada's agreement to the entry of this Consent Decree and/or the actions undertaken in accordance with this Consent Decree do not constitute, nor shall they be construed as, an admission of liability, wrongdoing, or misconduct on the part of Arxada, its officers, employees or representatives. This Consent Decree, as well as any discussions or communications relating to this Consent Decree, shall not be offered or received into evidence in any action or proceeding, as an admission of liability, wrongdoing, responsibility, or misconduct on the part of Arxada, its officers, employees, or representatives.

## ARXADA'S CERTIFICATION

4. By signing this Consent Decree, Arxada certifies, to the best of its knowledge and belief, that:

　　a. Arxada has made reasonable inquiry about, and provided the Department with, all non-privileged information requested by the Department which relates in any way to its ownership, operation, generation, treatment, transportation, storage, or disposal of hazardous substances, including the amount and toxicity of such hazardous substances, at or in connection with the Site; and

　　b. Arxada has not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, documents, or other information relating to its potential liability regarding

the Site since notification of potential liability or the filing of a suit against Arxada relating to the Site.

### ARXADA'S REIMBURSEMENT OF DEPARTMENT'S RESPONSE COSTS

5. Arxada shall reimburse the Department for its response costs in this matter as follows:

   a. Within thirty (30) days of the Court's entry of the Consent Decree, Arxada shall pay the Department $433,334 (**FOUR HUNDRED THIRTY-THREE THOUSAND THREE HUNDRED THIRTY-FOUR DOLLARS**).

   b. Within one hundred and twenty (120) days of the Court's entry of the Consent Decree, Arxada shall pay the Department $433,333 (**FOUR HUNDRED THIRTY-THREE THOUSAND THREE HUNDRED THIRTY-THREE DOLLARS**).

   c. On or before January 10, 2025, Arxada shall pay the Department $433,333 (**FOUR HUNDRED THIRTY-THREE THOUSAND THREE HUNDRED THIRTY-THREE DOLLARS**).

   d. Arxada's payments to the Department under Paragraphs 5(a) through (c) shall be made by corporate check or the like payable to the "Commonwealth of Pennsylvania" and shall be sent to the Department consistent with Paragraph 17.

### ACCELERATED PAYMENT IN THE EVENT OF DEFAULT

6. In the event Arxada fails to make timely reimbursement of the Department's response costs consistent with Paragraph 5 ("Default"), Arxada shall have 30 days following the Default to make the required payment. Should Arxada fail to make the required payment within 30 days of the Default, Arxada shall be immediately liable for the entirety of the then outstanding monies owed, together with accrued interest on the entirety of those monies owed, at a rate of 6 percent per annum, until Arxada has paid the Department all costs and interest owed, in full,

consistent with Paragraph 17 (the "Accelerated Payment"). Arxada shall not owe the Accelerated Payment if it cures the Default within 30 days of its occurrence.

## STIPULATED PENALTIES

7. In the event Arxada fails to comply in a timely manner with any term or provision of this Consent Decree, including the payment schedule contained in Paragraph 5 and the opportunity to cure a Default as described in Paragraph 6, Arxada shall be in violation of this Consent Decree and, in addition to other applicable remedies, shall pay a civil penalty according to the following schedule:

    (a) for violations lasting 1-10 days: $100 per day;

    (b) for violations lasting 11-30 days: $200 per day; and

    (c) for violations lasting 30 days or longer: $300 per day.

The penalty shall be due upon written notice from the Department. Such penalty payments shall be made by corporate check or the like payable to the "Commonwealth of Pennsylvania" and shall be sent to the Department consistent with Paragraph 17.

8. It is understood by the Parties that Arxada's payment of any penalty hereunder shall neither constitute a waiver of Arxada's duty to meet its obligations under this Consent Decree nor preclude the Department from commencing an action to compel Arxada's compliance with the terms and conditions of this Consent Decree, or any applicable statute, rule, regulation, permit, or order of the Department. The Parties further understand that, in the event Arxada fails to make timely payment consistent with Paragraphs 5 and 6, Arxada's payment of stipulated penalties will not relieve Arxada of its obligation to pay interest accruing because of the delay. The payment resolves only Arxada's liability for civil penalties arising from the violation of this Consent Decree for which the payment is made. If the Department must bring an action against Arxada to collect

any payment provided for under Paragraphs 5, 6, or 7, Arxada shall reimburse the Department for all costs of such action, including, but not limited to, reasonable attorney's fees.

## COVENANT NOT TO SUE BY DEPARTMENT

9. Subject to the reservation of rights provided in Paragraphs 12 through 15, and so long as Arxada is in full compliance with this Consent Decree, the Department covenants not to sue or to take administrative action against Arxada and its affiliates, subsidiaries, parent companies and sponsors, and its and their respective officers, employees, representatives, agents, successors, and assigns, pursuant to CERCLA or any other state or federal statutory or common law, for response costs incurred or to be incurred; for response actions, including, without limitation, removal, prompt interim and/or remedial response actions; for civil penalties; for accrued interest; or for injunctive relief arising from the release or threatened release of hazardous substances at the Site. The Department's covenant not to sue shall take effect upon the date of entry of the Consent Decree by the Court. The covenant not to sue does not extend to any action by the Department to enforce the terms of this Consent Decree.

## COVENANT NOT TO SUE BY ARXADA

10. So long as the Department is in full compliance with this Consent Decree, Arxada covenants not to sue and shall not assert any claims, demands, or causes of action, in law or in equity, against the Commonwealth government, as that term is defined in 42 Pa. C.S.A. § 102, or any of its employees, officials, agents, or contractors, for any matters arising out of or in connection with the Site. Arxada's covenant not to sue shall take effect upon the date of entry of the Consent Decree by the Court. The covenant not to sue does not extend to any action by Arxada to enforce the terms of this Consent Decree.

## CONTRIBUTION PROTECTION

11. Subject to the rights the Department has reserved in Paragraphs 12 through 14, upon the entry of the Consent Decree by the Court, Arxada will be considered a person that has resolved its liability to the Department for the Site and is eligible for protection from claims for contribution regarding matters addressed in this settlement, as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. §9613(f)(2) and Section 705(c)(2) of HSCA, 35 P.S. §6020.705(c)(2). This contribution protection is intended to be as broad as permissible under CERCLA and HSCA, and the "matters addressed" in this settlement encompass response costs incurred or to be incurred, response actions, civil penalties, or injunctive relief arising from the release or threatened release at the Site. The contribution protection shall take effect upon entry of the Consent Decree by the Court, extends only to Arxada, its agents, successors, and assigns, and shall terminate only upon Arxada's failure to meet the requirements of the Consent Decree.

## RESERVATION OF RIGHTS

12. Notwithstanding any other provision of this Consent Decree, the covenant not to sue by the Department set forth in Paragraph 9 shall be null and void in the event that:

    a. Arxada or its officers, directors, employees, contractors or agents are found to have falsified information, reports, or data, or to have made a false representation or statement in a record, report, or document relating to the release or threatened release of hazardous substances at the Site;

    b. Conditions at the Site previously unknown to the Department are discovered, or information previously unknown to the Department is received, and these previously unknown conditions or this previously unknown information, together with other relevant information, indicates that the Site's investigation or remediation as reflected in the

Administrative Records is not protective of human health or the environment, or that the information Arxada has provided the Department pursuant to Paragraph 4 is false, incomplete, or inaccurate.

13. Notwithstanding any other provision of this Consent Decree, the covenant not to sue by the Department set forth in Paragraph 9 shall not apply to claims by the Department against Arxada based on:

   a. failure to meet the requirements of this Consent Decree;

   b. past, present, or future disposal of hazardous substances outside the boundaries of the Site; or

   c. past, present, or future violations of federal or state criminal law.

## **EXISTING OBLIGATIONS UNAFFECTED**

14. Nothing set forth in this Consent Decree is intended, nor shall it be construed, to relieve or limit Arxada's obligation to comply with any existing or subsequent statute, regulation, permit, or order. In addition, nothing set forth in this Consent Decree is intended, nor shall be construed, to authorize any violation of any statute, regulation, order, or permit issued or administered by the Department.

## **ACKNOWLEDGMENT OF NO OBLIGATION**

15. Arxada acknowledges that the Department has no obligation to defend Arxada in any suit, demand, or claim for contribution for any matters arising from the release or threatened release of hazardous substances at the Site, arising out of response actions conducted by or authorized by the Department at the Site, or arising out of this Consent Decree.

## OPPORTUNITY FOR REVIEW AND COMMENT

16. In order to provide the public notice of this settlement and an opportunity to review the terms of this Consent Decree and file written comments, the Department shall publish a notice in the *Pennsylvania Bulletin* and in the *Beaver County Times* containing a summary of this Consent Decree. The Department shall receive and consider comments relating to this Consent Decree for 60 days from the date of publication of the notice. The Department reserves the right to withdraw its consent to this Consent Decree if comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. If for any reason this Court should decide not to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any of the Parties and the terms of the Consent Decree may not be used as evidence in any litigation.

## CORRESPONDENCE WITH THE DEPARTMENT

17. All correspondence with the Department concerning this Consent Decree, including checks in satisfaction of those payment obligations outlined in this Consent Decree, shall reference the Site and shall be addressed to:

>Paul Vogel
>Manager
>Hazardous Sites Cleanup
>Pennsylvania Department of Environmental Protection
>Southwest Region
>400 Waterfront Drive
>Pittsburgh, PA  15222-4745
>
>Phone: (412) 442-4132
>E-mail: pvogel@pa.gov

A copy of all correspondence with the Department concerning this Consent Decree, including checks in satisfaction of those payment obligations outlined in this Consent Decree, shall reference the Site and shall be addressed to:

    Edward S. Stokan, Esq.
    Assistant Regional Counsel
    PA Department of Environmental Protection
    Southwest Regional Office
    400 Waterfront Drive
    Pittsburgh, PA 15222-4745

    Phone: (412) 442-4249
    E-mail: estokan@pa.gov

## CORRESPONDENCE WITH ARXADA

18.    All correspondence with Arxada concerning this Consent Decree shall reference the Site and shall be addressed to:

    Michael R. Neilson, Esq.
    Assistant General Counsel
    Arxada LLC
    412 Mt. Kemble Ave. Suite 200S
    07960 Morristown, NJ
    Phone: (201) 316-9200
    E-mail: michael.neilson@arxada.com

A copy of all correspondence with Arxada concerning this Consent Decree shall reference the Site and shall be addressed to:

    Daniel M. Krainin, Esq.
    Beveridge & Diamond, P.C.
    825 Third Avenue, 16th Floor
    New York, NY 10022
    Phone: (212) 702-5417
    E-mail: DKrainin@bdlaw.com

## SEVERABILITY

19.    The paragraphs of this Consent Decree shall be severable and, should any part hereof be declared invalid or unenforceable, the remainder shall continue in full force and effect between the Parties.

## ENTIRE AGREEMENT

20. This Consent Decree shall constitute the entire integrated agreement of the Parties with respect to the subject matter hereof. No prior or contemporaneous communications or prior drafts shall be relevant or admissible for purposes of determining the meaning or extent of any provisions herein in any litigation or any other proceeding.

## MODIFICATIONS

21. No changes, additions, modifications, or amendments of this Consent Decree shall be effective unless they are set out in writing and signed by the Parties hereto.

## ATTORNEY'S FEES

22. The Parties agree to bear their respective attorney's fees, expenses, and other costs in the prosecution or defense of this matter or any related matters arising subsequent to execution of this Consent Decree.

## TITLES

23. A title used at the beginning of any paragraph of this Consent Decree is provided solely for the purpose of identification and shall not be used to interpret that paragraph.

## EXECUTION IN COUNTERPARTS

24. This Consent Decree may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

## SIGNATORIES

25. The undersigned representatives of each Party to this Consent Decree certify that they are fully authorized to enter into the terms and conditions of the Consent Decree and to execute and legally bind each Party to this Decree.

## EFFECTIVE DATE

26.  This Consent Decree shall be effective upon the date of its entry by the Court.

SO ORDERED THIS 22ᴰ DAY OF November, 2024.

_____
~~HONORABLE PATRICIA L. DODGE~~
~~UNITED STATES MAGISTRATE JUDGE~~
MARK R. HORNAK
U.S. District Judge

- 12 -

FOR ARXADA, LLC:

_/s/ R. Potolo_
Gabriel Patalano (Aug 5, 2024 17:25 GMT+2)
Name: Gabriel Patalano
Title: Treasurer


_/s/ Daniel M. Krainin_
Daniel M. Krainin, Esq.
Beveridge & Diamond, P.C.
Attorney for Arxada, LLC

FOR THE COMMONWEALTH OF
PENNSYLVANIA, DEPARTMENT OF
ENVIRONMENTAL PROTECTION:

_____
Diane D. McDaniel, P.E.
Regional Manager
Environmental Cleanup Program
Southwest Region


_____
Edward S. Stokan, Esq.
Attorney for the Department